UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Richard D. Smith, #319515, | ) | C/A No.5:12-1449-MGL-KDW |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Warden Robert H. Mauney, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |
| | ) | |

Petitioner Richard D. Smith ("Petitioner" or "Smith") is a state prisoner who filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) DSC, for a Report and Recommendation on Respondent's Return and Motion for Summary Judgment. ECF Nos. 22, 23. On September 6, 2012, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to Respondent's motion. ECF No. 24. On November 13, 2012, Petitioner filed a response in opposition to Respondent's Motion for Summary Judgment. ECF No. 30. Having carefully considered the parties' submissions and the record in this case, the undersigned recommends that Respondent's Motion for Summary Judgment, ECF No. 22, be granted.

I.     Background

Petitioner is currently incarcerated in the Wateree River Correctional Institution of the South Carolina Department of Corrections ("SCDC"). In 2006, Petitioner was indicted in the October term of the Spartanburg County Grand Jury for unlawfully carrying a weapon (#06-GS-42-3641), possession of a stolen pistol (#06-GS-42-3639), two counts of possession with intent to distribute cocaine base and/or crack cocaine (#06-GS-42-3640, #06-GS-42-3905), two counts of distribution of cocaine base and/or crack cocaine (#06-GS-42-3661, #06-GS-42-4071), trafficking in cocaine base and/or crack cocaine (#06-GS-42-3666), and possession with intent to distribute crack cocaine within one-half mile of school (#06-GS-42-3904). App. 185-98.[1] On January 10-11, 2007, a jury trial was conducted before the Honorable J. Derham Cole in Spartanburg, South Carolina on one of the distribution of crack cocaine indictments (#06-4071). App. 1-97. Attorney Darren S. Haley represented Petitioner, and Solicitor Jessica Thill represented the State. App. 1. Petitioner was convicted on January 11, 2007, and was sentenced to five years. App. 96-97. On this same day, Petitioner appeared before Judge Cole and pled guilty to the remaining indictments. *Id.* at 97-111. Petitioner was represented by Attorneys Haley and Andrew J. Johnston during his guilty pleas; the state was again represented by Solicitor Thill. *Id.* Petitioner was sentenced to ten years for trafficking crack cocaine, ten years for distribution of crack cocaine, ten years for possession with intent to distribute, ten years for the possession within half mile of school, five years for possession of a stolen pistol, and one year for unlawfully carrying a pistol. *Id.* at 110-11. Each of the sentences was to run concurrent. *Id.* Petitioner did not file a direct appeal. *Id.* at. 114.

---

[1] Citations to "App." refer to the Appendix for Petitioner's direct appeal of his judgment of conviction. That appendix is available at ECF Nos. 23-1, 23-2 in this habeas matter.

2

II.     Procedural History

On November 27, 2007, Petitioner filed an Application for Post-Conviction Relief ("PCR") (2007-CP-42-4153), alleging ineffective assistance of counsel and involuntary guilty pleas. App. 113-18.[2] On March 26, 2008, the State filed a return denying Petitioner's allegations and requesting an evidentiary hearing; on September 19, 2008, an evidentiary hearing was conducted before the Honorable Roger L. Couch. *Id.* at 120-126. Petitioner was present and represented by Kenneth P. Shabel, Esq.; Assistant Attorney General Michelle J. Parsons represented the State. *Id.* at 126. Petitioner and his trial attorney, Darren Haley, testified at the hearing. *Id.* at 132-66. In an Order dated September 10, 2009, and filed January 15, 2009, the PCR court denied Petitioner's PCR Application in full, making the following findings of fact and conclusions of law:

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

> The Court has reviewed the testimony presented at the evidentiary hearing, observed the witnesses presented at the hearing, passed upon their credibility, and weighed the testimony accordingly. Further, this Court reviewed the Clerk of Court records regarding the subject conviction, the Applicant's records from the South Carolina Department of Corrections, the application for post-conviction relief, the transcripts and documents from the prior proceedings, and legal arguments of counsel. Pursuant to S.C. Code Ann. § 17-27-80 (1985), this Court makes the following findings of fact based upon all of the probative evidence presented.
>
> This Court finds trial counsel's testimony is credible, but the Applicant's testimony lacks credibility. The Applicant alleged his counsel was ineffective where he failed to further investigate the video. This Court finds the Applicant failed to meet his burden of proof on this c1aim. The Applicant failed to offer any evidence demonstrating additional investigation would have shown the Applicant

---

[2] Petitioner's PCR application references attached documents that contain the grounds asserted in his PCR application and the factual support for the asserted grounds. These referenced attachments were not provided to the court, but are not essential to the court's analysis.

was not the man in the video. Similarly, this Court denies the Applicant's allegation that counsel was ineffective for failing to call expert witnesses regarding the video. Again, the Applicant failed to show an expert witness could have aided his defense. As a result, this allegation is denied and dismissed.

This Court denies the Applicant's allegation that trial counsel was ineffective for failing to call lay witnesses on the Applicant's behalf. This Court finds the Applicant failed to offer any witnesses at the PCR hearing in order to support the Applicant's speculation that someone could have given favorable testimony. The Applicant names a possible alibi witness, but failed to produce her at the PCR hearing. As a result, her testimony cannot be considered where content is merely speculative. Moreover, Haley testified he spoke with this witness and has no recollection of her providing an alibi for the Applicant. Similarly, the Applicant claimed a man named Means confessed to the crimes he pled guilty to. The Applicant did not provide any proof of this. This Court denies and dismisses these claims.

This Court denies and dismisses the Applicant's claim that counsel erred in not objecting to the bond forfeiture. Counsel testified the bond forfeiture was not counted as a prior conviction. Rather, the Applicant's prior conviction for simple possession of marijuana was calculated. The Applicant has failed to demonstrate anything to the contrary. As a result this Court denies and dismisses this claim.

This Court also finds counsel was not ineffective for failing to object to the solicitor's closing statement. The solicitor compared the Applicant to the man in the video during the closing argument, noting similarities in facial features and mannerisms. The jury had the video in evidence. Additionally, the jury personally observed the Applicant during his testimony. Counsel's failure to object to a comparison between these two portions of evidence does not amount to ineffective assistance of counsel. This claim is denied and dismissed.

In addition, this Court finds the allegation that the Applicant's guilty plea was involuntary is without merit. This Court finds the record conclusively refutes this allegation. The trial judge informed Applicant of the maximum penalty of each of his charges, informed him of his right to remain silent, informed him of his right to a jury trial and other associated jury trial rights. The Applicant also affirmed no one promised him anything or threatened him in order to coerce a plea. Applicant also stated that he was pleading guilty freely and voluntarily.

This Court further finds that Applicant has failed to carry his burden of proving that his guilty plea was not freely and voluntarily entered. The overwhelming evidence in the record and presented through the testimony of the witnesses at the hearing reflects that the plea was knowingly and voluntarily entered. The Applicant showed no reason why he should be allowed to depart from the truth of

> the statements he made during his guilty plea hearing. This Court finds the Applicant's testimony at the PCR hearing lacked credibility. Therefore, this Court finds that Applicant's guilty plea was freely and voluntarily entered and denies and dismisses this allegation.
>
> This Court finds that any and all other allegations raised at the hearing or in the application are without merit.
>
> Therefore, this Court finds that the Applicant failed to carry his burden to show that trial counsel's representation fell below the standard of professional reasonableness for a criminal defense attorney in this regard. Strickland v. Washington; Cherry v. State. The Court finds that the Applicant cannot satisfy either requirement of the Strickland test.
>
> ### V. CONCLUSION
>
> Based on all the foregoing, this Court finds and concludes that this application for post-conviction relief must be denied and dismissed with prejudice. All other allegations or claims that were raised or could have been raised in this application are hereby dismissed with prejudice.

App. 180-83. Petitioner did not file a Rule 59(e), SCRCP, Motion to Alter or Amend. Petitioner, represented by Wanda H. Carter of the South Carolina Commission on Indigent Defense, timely filed a Petition for Writ of Certiorari. ECF No. 23-3. Petitioner asserted two questions in his Petition: 1) "Trial counsel erred in failing to object to the solicitor's injection of his own personal opinion regarding the identification issue," and 2) "The PCR judge erred in finding Petitioner voluntarily waived his right to a direct appeal in the case." *Id.* at 5-7. On July 21, 2011, the South Carolina Supreme Court denied certiorari. ECF No. 23-5. The remittitur was issued on August 9, 2011. ECF No. 23-6. Petitioner's habeas petition was filed on May 31, 2012. ECF No. 1.

III. Discussion

A. Federal Habeas Issues

Petitioner raises the following issues in his federal Petition for a Writ of Habeas Corpus, quoted verbatim:

> Issue One: The lower court erred in denying the motion for a direct verdict of acquittal on the drug distribution charge because there was insufficient identification evidence indicated that appellant was the seller during the outcome controlled sale in the case.
>
> Ground One: Trial Counsel failed to prepare cases for trial, did not disclose all evidentiary information with client. Including police reports, statements, and indictments.
>
> Ground Two: Trial counsel failed to consult with client on securing a forensic expert or expert witness to do any investigation involving the video/audio cassette tapes used by prosecution as convicting evidence during trial.
>
> Ground Three: Trial counsel failed to interview witnesses that were involved in the cases, an allege offenses placed upon client involving both manufacturing distribution and PWID and PWID with in the proxy of a school zone charges, as client advised an requested so.
>
> Ground Four: Trial counsel misadvised applicant about sentencing, elements of crimes, and available defenses to the charges etc.
>
> Ground Five: Trial counsel failed to investigate any and all charges placed upon applicant, which involved police reports, warrants, statements made by police officers, indictments, field reports used by officers, buy report information and any and all evidence used by law enforcement officer and prosecution to convict applicant.
>
> Ground Six: Trial counsel failed to object to personal statements made by the prosecution during closing arguments, when prosecution referred to applicant as a liar, drug dealer, and saying that applicant has no remorse for human life. Before conviction applicant had no prior drug conviction or violent offense that could have reflected on the statements made by the prosecution, which means that prosecution stated non-factual information to the jury that prejudiced applicant and possibly caused jurors decision to a guilty verdict.

> Ground Seven: After sentencing, trial counsel then brought to applicant a plea bargain deal discuss by he and the prosecution. After applicant refused the plea bargain trial counsel repeatedly stated to applicant that he will get a "life" sentence if convicted on any other offense. Coerced by trial counsel, the applicant then agreed to the plea bargain of additional three years added to the previous sentence of five years. When applicant addressed to trial counsel about a drug offense of PWID and PWID in school zone that someone was already convicted and sentenced months before applicants trial an that I, the applicant, refused to plea to a charge someone was already sentenced on. Trial counsel became angry and began to insult applicant by referring to applicant as "stupid" for not accepting the plea bargain as presented and that applicant had to take it or serve a "life" sentence of imprisonment. Trial counsel knew that "Keith Reginald Means was already sentenced on the alleged PWID and PWID in school zone offenses and still "coerced" applicant to plea to the offenses.
>
> Ground Eight: Trial counsel failed to challenge court's decision to enhance a simple possession of marijuana charge to a first offense felony. In doing so after trial conviction applicant was sentenced on a second offenders sentence, which denied applicant of a first offender's sentence.

ECF No. 1-1.

    B.  Standard for Summary Judgment

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other

materials;" or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

    C.  Habeas Corpus Statute of Limitations

Because Petitioner filed his Petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claim is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir. 1998). The AEDPA provides that "[a] 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The statute further provides that "[t]he time during which a properly filed application for State post-conviction or collateral relief with respect to the

pertinent judgment or claim that is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

IV.    Discussion

   A. Petitioner's Application Is Time-Barred

Respondent argues that Petitioner's habeas petition should be dismissed because Petitioner's claims are barred by the statute of limitations. ECF No. 23 at 16. The AEDPA one-year period of limitation begins to run at the "conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Because Petitioner did not seek review by the United States Supreme Court, the AEDPA's one-year statute of limitations began running "at the expiration of the time" for seeking direct review in state court. 28 U.S.C. § 2244(d)(1)(A). Petitioner's judgment of conviction therefore became final "when his time for seeking review with the State's highest court expired." *Gonzalez v. Thaler*, 132 S. Ct. 641, 653-54 (2012) (clarifying the Court's prior cases concerning 28 U.S.C. § 2244(d)(1)(A)).[3]

Review of the record indicates Petitioner's federal habeas petition was not timely filed. As Petitioner did not seek appellate review of his conviction, guilty pleas or sentences imposed on January 11, 2007, his conviction became final on January 22, 2007, ten days after his sentence was imposed. *See* Rule 203(b)(2), SCACR (stating that in a criminal action a notice of appeal

---

[3] The Court's *Gonzalez* decision makes it clear that, for a petitioner who did not seek review by filing a petition for writ of certiorari in that Court, no time is added to the expiration of the "time for seeking review from the State's highest court." 132 S. Ct. at 653-54. The Court contrasted its finding as to § 2244's statute of limitations with its cases interpreting the statute of limitations found in 28 U.S.C. § 2255(f)(1), which is applicable to *federal* prisoners seeking habeas relief. *See* 132 S. Ct. at 653 (noting *federal* judgment of conviction begins "'when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari,' or, if a petitioner does not seek certiorari, 'when the time for filing the certiorari petition expires.'") (quoting *Clay v. United States,* 537 U.S. 522, 527 (2003)).

must be served on all respondents within ten days after the sentence is imposed). Petitioner's filing of his PCR application on November 27, 2007 tolled the one-year limitations period, *see* 28 U.S.C. § 2244(d)(2); 309 days had elapsed when Petitioner filed his PCR application, leaving 56 days within which Petitioner could timely file a federal habeas petition. The statute of limitations period remained tolled until the South Carolina Supreme Court issued the remittitur on Petitioner's PCR appeal on August 9, 2011. At this time the one-year limitations period recommenced and 294 days elapsed before Petitioner filed this habeas action on May 30, 2012. *See* ECF No. 1-5 at 1. Because Petitioner only had 56 days left to timely file a habeas petition, the May 30, 2012 filing is untimely under 28 U.S.C. § 2244(d) and must be dismissed.

    B. The Statute of Limitations Should Not Be Equitably Tolled

The AEDPA's statute of limitations is subject to equitable tolling, which could, in effect, extend the final date for filing a habeas petition. *Harris v. Hutchinson*, 209 F.3d 325 (4th Cir. 2000). The Fourth Circuit has underscored the very limited circumstances in which equitable tolling of the AEDPA's limitations period will be permitted, holding that a habeas petitioner "is only entitled to equitable tolling if he presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc). Thus, rarely will circumstances warrant equitable tolling of the AEDPA limitations period:

> [A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where—due to circumstances external to the party's own conduct—it

>would be unconscionable to enforce the limitation period against the party and gross injustice would result.

*Harris*, 209 F.3d at 330. The respondent bears the burden of asserting the AEDPA's statute of limitations, *Hill v. Braxton*, 277 F.3d 701, 705 (4th Cir. 2002); the petitioner then bears the burden of establishing that his petition is timely or that he is entitled to the benefit of the equitable-tolling doctrine, *Rouse*, 339 F.3d at 246.

In 2010, the United States Supreme Court considered the issue and also held that § 2254 "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010); *cf. Pace v. DiGuglielmo*, 544 U.S. 408, 418 n.8 (2005) (noting Court assumed without deciding that AEDPA's statute of limitations could be equitably tolled for purposes of that decision because respondent assumed it did). The *Holland* Court reiterated its prior holding in *Pace* that the statute would be equitably tolled "only if [the petitioner] shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 130 S. Ct. at 2562 (quoting *Pace*, 544 U.S. at 418)).

In his Response to Respondent's summary judgment motion, Petitioner argues that his habeas petition was not intentionally filed outside of the statute of limitations but was due to his complete lack "of foreknowledge and resources pertaining to the procedure and filing of the habeas corpus writ of certiorari." ECF No. 30 at 1.  Petitioner requests "the mercy of the court in these filing" and asks that the court permit his Petition to "continue forward." *Id.* The undersigned finds that Petitioner's lack of knowledge concerning the ADEPA's one-year statute of limitations does not satisfy his burden of demonstrating entitlement to equitable tolling. *See United States v. Sosa*, 364 F.3d 507, 512 (4th Cir.2004) (finding that pro se petitioner's ignorance and misconceptions about the operation of the statute of limitations did not justify

equitable tolling because they were not extraordinary circumstances beyond his control). Accordingly, equitable tolling of the statute of limitations is not merited. Based upon the foregoing, the Petition was not timely filed, and it is barred by Section 2244(d)(1).[4]

V.      Conclusion and Recommendation

Wherefore, based upon the foregoing, the undersigned recommends that Respondent's Motion for Summary Judgment, ECF No. 22, be GRANTED and the Petition be DENIED.

IT IS SO RECOMMENDED.

February 28, 2013                                           Kaymani D. West
Florence, South Carolina                                    United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

---

[4] Because the court finds that the statute of limitations bars Petitioner's § 2254 petition, it is precluded from addressing the merits of his claims. *See Kornahrens v. Evatt*, 66 F.3d 1350 (4th Cir. 1995) (finding that once a claim is determined to be procedurally barred, the court should not consider the issue on its merits.)