UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Richard D. Smith, #319515, | ) | Civil Action No.: 5:12-1449-MGL |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **OPINION AND ORDER** |
| | ) | |
| Warden Robert H. Mauney, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner Richard D. Smith ("Petitioner"), a state prisoner confined at Wateree River Correctional Institution in Rembert, South Carolina filed this petition for a writ of habeas corpus ("Petition") pursuant to 28 U.S.C. § 2254. (ECF No. 1.) Respondent filed a Return and a Motion for Summary Judgment. (ECF Nos. 22 & 23.) The case was referred to United States Magistrate Judge Kaymani D. West for pretrial handling pursuant to the provisions of 28 U.S.C. § 636(b) and Local Rule 73.02 (B)(2)(c) for the District of South Carolina.

This matter now comes before the court for review of the Report and Recommendation ("Report") of the Magistrate Judge issued on February 28, 2013. (ECF No. 34.) The Report sets forth in detail the relevant facts, procedural history, and standards of law on this matter, and the court incorporates such without a recitation. In the Report, the Magistrate Judge recommends Respondent's Motion for Summary Judgment be granted and that the Petition be denied as not timely filed and not subject to equitable tolling.

The Magistrate Judge only makes a recommendation to the court. The recommendation has no presumptive weight, and the court retains the responsibility for making a final determination. *Mathews v. Weber*, 423 U.S. 261, 269, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). This court is charged with making a de novo determination of those portions of the Report to which specific objection is

made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

## DISCUSSION AND ANALYSIS

Respondent asks the court to grant summary judgment in his favor or dismiss the entire action because the one-year statute of limitations set forth in the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(d), is a complete bar and defense to Petitioner's claims. (ECF No. 23 at 16.) Further, Respondent maintains that Petitioner offers no valid explanation as to why his Petition is untimely and why the statute of limitations should be equitably tolled to allow the late application. (ECF No. 23 at 16.) The Magistrate Judge recommends Respondent's Motion for Summary Judgment be granted because Petitioner's claims are barred by the one-year statute of limitations set forth in the AEDPA. Under the AEDPA, a one-year statute of limitations applies to an application for a writ of habeas corpus by a person in custody pursuant to a state court judgment with the period to begin running from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation. . ." 28 U.S.C. § 2244(d)(2).

Upon review of the record, the Magistrate Judge correctly concludes that the limitations period for Petitioner to file an action under § 2254 expired before he filed the instant habeas petition and thus, recommends dismissal of the Petition. The Magistrate Judge notes that because Petitioner did not seek appellate review of his conviction, guilty pleas or sentences imposed on January 11,

2007, his conviction became final on January 22, 2007, ten days after his sentence was imposed. (ECF No. 34 at 9.) Petitioner filed an application for Post-Conviction Relief ("PCR") on November 27, 2007 which tolled the one-year statute of limitations period. (ECF No. 23-1 at 115-121 & ECF No. 34 at 10.) At the time Petitioner filed his PCR application, 56 days remained within which Petitioner could timely file a federal habeas petition. (ECF No. 34 at 10.) The statute of limitations remained tolled until the South Carolina Supreme Court issued the remittitur on Petitioner's PCR appeal on August 9, 2011. (ECF No. 23-6 & ECF No. 34 at 10.) At that time, the statute of limitations period recommenced and 294 days elapsed before Petitioner filed this habeas action on May 30, 2012. (ECF No. 1.) Thus, the instant federal habeas petition is untimely and is subject to dismissal.

The Magistrate Judge further concludes that the statute of limitations should not be equitably tolled as Petitioner failed to present any extraordinary circumstances, beyond his control or external to his own conduct, that prevented him from filing the application on time. (ECF No. 34 at 10.) The Magistrate Judge notes that Petitioner's claimed lack of resources and lack of knowledge concerning the procedures and applicable time frames for filing habeas petitions do not satisfy Petitioner's burden of demonstrating entitlement to equitable tolling based on applicable Fourth Circuit law. (ECF No. 34 at 11.) Therefore, the Magistrate Judge concludes that equitable tolling of the statute of limitations is not merited in this case and recommends Respondent's Motion for Summary Judgment be granted and the Petition be denied. (ECF No. 34 at 12.)

Petitioner objects to the Magistrate Judge's recommendation. (ECF No. 40.) Petitioner states that he was unable to find any case law or arguments to support his argument and explain the reason for his tardy Petition. (ECF No. 40 at 2.) He seeks the mercy of the court in allowing his

case to continue and apologizes for unknowingly submitting his Petition after the expiration of the statute of limitations. (ECF No. 40 at 2.) Petitioner's objections admittedly contain no arguments to overcome the deficiencies of the Petition. Petitioner had an opportunity to explain why the one-year statute of limitations contained in 28 U.S.C. § 2244(d) did not bar his petition. Instead, he appears to concede that his Petition is time-barred. (ECF No. 40 at 2.) The court finds no error in the Magistrate Judge's analysis and finding that Petitioner's application is time-barred.

Certainly the AEDPA's statute of limitations is subject to equitable tolling, which could, in effect, extend the final date for filing. *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010); *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir.2000). The doctrine of equitable tolling applies to § 2244(d) only in "appropriate cases." *Holland*, 130 S.Ct. at 2560. The United States Supreme Court has "made clear that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 130 S.Ct. at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 125 S.Ct. 1807, 161 L.Ed. 2d 669 (2005)). In this matter, clearly, Petitioner's explanations do not present the sort of "extraordinary circumstance" required to invoke equitable tolling. Accordingly, the Magistrate Judge was correct in finding that Petitioner's claim for relief under § 2254 was untimely and Petitioner's objections do not call for a different result.

## CONCLUSION

Having reviewed the entire record, the Report in this case, and the Petitioner's objections, the Court agrees with the conclusions of the Magistrate Judge. Accordingly, the Court adopts and incorporates the Report by reference in this order. This court determines that the Magistrate Judge's recommended disposition is correct and the Report and Recommendation is incorporated herein by

4

reference. Therefore, Respondent's Motion for Summary Judgment (ECF No. 22) is **GRANTED** and the Petition is **DENIED**.

## Certificate of Appealability

The governing law provides that:

> (c) (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c) (3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller–El v. Cockrell*, 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is denied.

**IT IS SO ORDERED.**

/s/ Mary G. Lewis
United States District Judge

Spartanburg, South Carolina
May 6, 2013